IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SEVEN PEAKS PLACE, L.C.,<br><br>    Plaintiff,<br><br><br><br>vs.<br><br><br>NEW CINGULAR WIRELESS, PCS, LLC,<br><br>    Defendant. | MEMORANDUM DECISION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND DISMISSING DEFENDANT'S MOTION TO STRIKE AFFIDAVITS<br><br><br><br><br><br>Case No. 2:05-CV-619 TS |

      This matter comes before the Court on Defendant Cingular's Motion to Dismiss and Motion to Strike Affidavits. Having considered the arguments presented in the briefs, the Court finds that a hearing on these motions would not be beneficial.

I.  BACKGROUND

      Plaintiff Seven Peaks and Defendant Cingular entered into a lease agreement. Pursuant to that lease agreement, Cingular has erected various equipment on the leased premises ("the premises"). Cingular has now purportedly subleased the premises to T-Mobile. T-Mobile began installing equipment on the premises, but was stopped by Seven Peaks. Seven Peaks brought suit claiming that Cingular's actions violated the lease agreement. Seven Peaks sought

declaratory judgment, pursuant to Utah Code Ann. § 78-33-2.  Cingular removed this suit to this Court based on diversity jurisdiction.  Cingular then brought this Motion to Dismiss.

## II.  RULE 12(b)(6) STANDARD

The standard for considering a Fed. R. Civ. P. 12(b)(6) motion is as follows:

> [A]ll well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving party.  A 12(b)(6) motion should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted.[1]

## III.  DISCUSSION

Plaintiff Seven Peaks' Complaint alleges the Defendant Cingular is attempting to violate the Lease Agreement by allowing another party to simultaneously install and use equipment on the leased premises.  Accepting these facts as true and viewing them in the light most favorable to Seven Peaks, as the Court must, the Court holds that the Complaint is legally sufficient to state a claim for which relief may be granted.  Therefore, the Court will deny Cingular's Motion to Dismiss.

Cingular has sought to dismiss Seven Peaks' Complaint arguing that they have entered into a sublease with T-Mobile, which they argue is permissible under the agreement.  This argument would require the Court to consider matters outside the pleadings.  Therefore, the Court believes that this argument would be more appropriately considered in a motion for summary judgment, not a motion to dismiss.  The Court will, therefore, deny Defendant's

---

[1] *Sutton v. Utah State School for the Deaf and Blind,* 173 F.3d 1226, 1236 (10th Cir. 1999) (citations and quotation marks omitted).

Motion to Dismiss, but will allow Cingular to present these arguments in a motion for summary judgment.

Cingular also seeks to strike two affidavits submitted by Seven Peaks in opposition to Cingular's Motion to Dismiss. The Court did not need to consider the affidavits at issue in deciding to deny the Motion to Dismiss. Therefore, it need not decide this issue. That Motion will be dismissed as moot.

## IV.  CONCLUSION

It is therefore

ORDERED that Cingular's Motion to Dismiss (Docket No. 3) is DENIED. It is further

ORDERED that Cingular's Motion to Strike Affidavits (Docket No. 10) is DISMISSED. It is further

ORDERED that the hearing on these motions set for November 30, 2005, is VACATED.

DATED   November 28, 2005.

        BY THE COURT:

        _____
        TED STEWART
        United States District Judge